IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CYNTHIA L. MARSHALL,                    )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )        CIVIL ACTION NO. 5:08-00274
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )

M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security

denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security

Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 40 - 433, 1381-

1383f. This case is presently pending before the Court on the Plaintiff's Motion to Reverse or

Remand (Document No. 11.) and the Defendant's Motion for Judgment on the Pleadings.

(Document No. 13.) Both parties have consented in writing to a decision by the United States

Magistrate Judge. (Document Nos. 2 and 3.)

The Plaintiff, Cynthia L. Marshall (hereinafter referred to as "Claimant"), filed applications

for DIB and SSI on February 7, 2006 (protective filing date), alleging disability as of June 30, 2005,

due to severe back pain and tingling, numbness, and pain in her legs. (Tr. at 86-88, 91-95, 107, 111.)

The claim was denied initially and upon reconsideration. (Tr. at 42-45, 46-48, 51-53, 57-62.) On

December 7, 2006, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr.

at 68.) The hearing was held on October 30, 2007, before the Honorable Mark A. O'Hara. (Tr. at

2-41.) By decision dated December 28, 2007, the ALJ determined that Claimant was not entitled to

benefits. (Tr. at 291-303.) The ALJ's decision became the final decision of the Commissioner on February 22, 2008, when the Appeals Council denied Claimant's request for review. (Tr. at 284-87.) On April 22, 2008, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 1.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2007). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether

2

the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2007). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since the alleged onset date, June 30, 2005. (Tr. at 294, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from a history of back strain, which was a severe impairment. (Tr. at 294, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 294, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity for work at the light level of exertion, with the following limitations:

> [T]he claimant has the residual functional capacity to perform light work (lift/carry/push/pull 10 pounds frequently and 20 pounds occasionally, sit for about 6 out of 8 hours, and stand/walk for about 6 out of 8 hours) provided that she does not have to engage in more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; or work in the presence of concentrated vibrations or concentrated hazards (dangerous machinery, heights, etc.). (Exhibits 8F, 12F).

(Tr. at 296, Finding No. 5.) At step four, the ALJ found that Claimant could return to her past relevant work as a sewing machine operator as that work is generally performed in the national economy. (Tr. at 301, Finding No. 6.) On this basis, benefits were denied. (Tr. at 302, Finding No. 7.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying

3

the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was born on December 9, 1959, and was 47 years old at the time of the administrative hearing, October 30, 2007. (Tr. at 8, 86.) Claimant had a high school education, and was able to read and write, do simple math, and count change. (Tr. at 8, 23, 110, 117.) In the past, she worked as a certified nursing assistant, sewing machine operator, and inspector/presser. (Tr. at 9-12, 35, 119-25, 301-02.)

<u> The Medical Record</u>

The Court has reviewed all the evidence of record, including the medical evidence, and will discuss it below in relation to Claimant's arguments.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant alleges that the ALJ's decision that Claimant was capable of performing her past relevant work as a sewing machine operator is inconsistent with the <u>Dictionary of Occupational Titles</u> ("<u>DOT</u>") in two respects. (Document No. 12 at 3-6.) First, Claimant asserts that six of the approximate twelve sewing machine operator jobs listed in the <u>DOT</u> require being around moving machinery or stooping, or both, which is inconsistent with the ALJ's residual functional capacity ("RFC") assessment. (<u>Id.</u> at 3-4.) Second, Claimant asserts that the remaining six sewing machine operator jobs listed in the <u>DOT</u> were assessed inappropriately because the ALJ did not set forth any manipulative limitations. (<u>Id.</u> at 4.) Claimant seems to argue that the ALJ improperly found that Claimant's carpal tunnel syndrome ("CTS") was not a severe impairment and that the ALJ acted as an expert in making such a finding. (<u>Id.</u>)

Contrary to Claimant's first allegation, the Commissioner asserts that the position of a chain stitch sewing machine operator, <u>DOT</u> 768.682-054, 1991 WL 681019, does not require stooping or moving mechanical parts. (Document No. 13 at 4.) Consequently, Claimant's argument is without any basis. (<u>Id.</u>) Regarding Claimant's second allegation, the Commissioner asserts that the ALJ properly found that Claimant's CTS did not rise to the level of a severe impairment. (<u>Id.</u>) As the ALJ noted, Claimant neither had EMG/NCS studies to confirm a diagnosis of CTS nor was she treated for CTS. (<u>Id.</u>) The Commissioner notes that Dr. Beard observed on examination that Claimant was able to manipulate buttons, pick up change, and write without difficulty. (<u>Id.</u>) Furthermore, the results of a Functional Capacity Evaluation ordered by and relied upon by Claimant, concluded that Claimant had no limitations in reaching, handling, or feeling. (<u>Id.</u>) Consequently, the ALJ properly found that Claimant had no manipulative limitations and Claimant's argument that the ALJ's step

four finding is inconsistent with the <u>DOT</u> is without merit. (<u>Id.</u>) Nevertheless, for the sake of argument, the Commissioner points out that the ALJ also made an alternative step five finding and found that Claimant was able to perform sedentary work as an interviewer, receptionist/information clerk, and general office clerk. (<u>Id.</u> at 4-5.) Thus, even if the ALJ's step four finding is at odds with the sewing machine operator description in the <u>DOT</u>, the ALJ properly found at step five that Claimant was capable of performing other work. (<u>Id.</u>)

<u>Analysis</u>.

1. <u>Stooping and Moving Mechanical Parts</u>.

To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments. <u>Walker v. Bowen</u>, 889 F.2d 47, 51 (4th Cir. 1989). "[I]t is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular claimant's impairments and abilities – presumably, he must study the evidence of record to reach the necessary level of familiarity." <u>Id.</u> at 51. Nevertheless, while questions posed to the vocational expert must fairly set out all of claimant's impairments, the questions need only reflect those impairments that are supported by the record. <u>See</u> <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987). Additionally, the hypothetical question may omit non-severe impairments, but must include those which the ALJ finds to be severe. <u>See</u> <u>Benenate v. Schweiker</u>, 719 F.2d 291, 292 (8th Cir. 1983).

SSR 00-4p, which became effective December 4, 2000, and was in effect at the time of the administrative hearing in 2007,  states that before an ALJ can rely on Vocational Expert testimony, he or she must identify and obtain a reasonable explanation for any conflicts between occupational

evidence provided by the vocational expert and information contained in the <u>DOT</u> and explain in the determination or decision how any conflict that has been identified was resolved. Social Security Ruling 00-4p, 2000 WL 1898704 (December 4, 2000).

Claimant first alleges that six of the twelve sewing machine operator jobs listed in the <u>DOT</u> require being around moving machinery or stooping, or both, which is inconsistent with the ALJ's RFC assessment. (Document No. 12 at 3-4.) Claimant identifies these six jobs as <u>DOT</u> numbers 787.682-058, 787.682-050, 783.682-014, 786.682-194, 787.682-074, and 787.682-066. (<u>Id.</u> at 4.) The Commissioner asserts that Claimant's argument is without merit because the position of chain stitch sewing machine operator, <u>DOT</u> 768.682-054, 1991 WL 681019, neither requires stooping nor exposure to moving mechanical parts. (Document No. 13 at 4.) The chain stitch sewing machine operator job however, is not one advanced by Claimant as requiring stooping and exposure to moving mechanical parts. The Court finds that Claimant correctly points out that each of the six <u>DOT</u> listings identified by Claimant require either stooping or some exposure to moving mechanical parts. Listings 787.682-050 and 787.682-074 require occasional (up to one third of the time) stooping, whereas Listings 787.682-058, 783.682-014, 786.682-194, and 787.682-066 do not require stooping. Likewise, Listings 787.682-058, 787.682-050, 783.682-014, 787.682-074, and 787.682-066 require frequent (from one third to two thirds of the time) exposure to moving mechanical parts, whereas the exposure to moving mechanical parts in Listing 786.682-194 is only occasional. It is apparent therefore, that Listing 786.682-194, which requires no stooping and only occasional exposure to moving mechanical parts is the only one of the six Listings identified by Claimant that satisfies the ALJ's RFC assessment. Though this Listing requires occasional exposure to moving mechanical parts, by definition, the Court finds that occasional exposure does not equate to

concentrated exposure as limited by the ALJ. Accordingly, the Court finds Claimant's argument on this point to be without merit.

2. <u>Manipulative Limitations</u>.

Claimant next alleges that the remaining six sewing machine operator jobs listed in the <u>DOT</u>, 786.682-054, 787.682-046, 786.682-198, 787.682-054, 786.682-010, and 786.682-174, were assessed inappropriately because the ALJ did not set forth any manipulative limitations. (Document No. 12 at 4-5.) The Commissioner asserts that Claimant's CTS did not rise to the level of a severe impairment because she did not have any significant limitations resulting from the impairment, and therefore, the ALJ properly did not assess any such limitations. (Document No. 13 at 4-5.)

To be deemed disabled, a claimant must have an impairment or combination of impairments which is severe, meaning that it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c); 416.920(c) (2007). Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. <u>Id.</u>; §§ 404.1521(b)(1)-(6); 416.921(b)(1)-(6). Conversely, "[a]n impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." <u>Evans v. Heckler</u>, 734 F.2d 1012, 1014 (4th Cir. 1984) (emphasis in original). An inconsistency between a claimant's allegations about the severity of an impairment and the treatment sought is probative of credibility. <u>See</u> <u>Mickles v. Shalala</u>, 29 F.3d 918, 930 (4th Cir. 1994). As discussed

above, the determination whether a claimant has a severe impairment is made at the second step of the sequential analysis.

At steps four and five of the sequential analysis, the ALJ must determine the claimant's residual functional capacity (RFC) for substantial gainful activity. "RFC represents the most that an individual can do despite his or her limitations or restrictions." See Social Security Ruling 96-8p, 61 Fed. Reg. 34474, 34476 (1996). Looking at all the relevant evidence, the ALJ must consider the claimant's ability to meet the physical, mental, sensory and other demands of any job. 20 C.F.R. §§ 404.1545(a), 416.945(a) (2007). "This assessment of your remaining capacity for work is not a decision on whether you are disabled, but is used as the basis for determining the particular types of work you may be able to do despite your impairment(s)." Id. "In determining the claimant's residual functional capacity, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments." Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996).

The RFC determination is an issue reserved to the Commissioner. See 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) (2007).

> In determining what a claimant can do despite his limitations, the SSA must consider the entire record, including all relevant medical and nonmedical evidence, such as a claimant's own statement of what he or she is able or unable to do. That is, the SSA need not accept only physicians' opinions. In fact, if conflicting medical evidence is present, the SSA has the responsibility of resolving the conflict.

Diaz v. Chater, 55 F.3d 300, 306 (7th Cir. 1995) (citations omitted).

The Court finds Claimant's argument on this point unpersuasive. The evidence of record fails to establish either a severe CTS impairment or any significant limitations resulting therefrom. As the ALJ noted in his decision, the medical evidence neither demonstrates any treatment that

Claimant received for her CTS nor contains the results of any EMG/NCS studies to confirm the diagnosis of CTS. (Tr. at 294.) A medical note from Claimant's treating physician, Pam Butcher, D.O., dated April 22, 2005, reflects a diagnosis of mild CTS based on an EMG study that is not part of the record, and a recommendation that Claimant obtain splints to wear at night and with increased activity of the wrists. (Tr. at 205.) The medical record otherwise indicates only two complaints of paresthesias of the bilateral hands (Tr. at 204, 206.) and only diagnoses of bilateral CTS, without mention of any medical findings or subjective complaints. (Tr. at 189-90, 192, 195, 197, 199, 201, 203, 262.) From April 9, 2007, through August 10, 2008, medical records reflect only a past medical history of CTS. (Tr. at 265, 268, 277, 280.) On examination on July 20, 2006, it was noted that Claimant was able to button and pick up coins with either hand and write with her dominant hand without difficulty. (Tr. at 223.) She had no tenderness, redness, warmth, swelling, or limitation of motion of her hands, shoulders, elbows, or wrists. (Id.) Furthermore, there was no evidence of weakness on manual muscle testing and sensation was intact. (Id.) The physical RFC assessments on August 15, 2006, and November 2, 2006, by the state agency reviewing physicians noted only back and leg conditions as Claimant's primary diagnoses and did not assess any manipulative limitations. (Tr. at 226-27, 229, 243-44, 246.) Likewise, the physical RFC assessment completed at Claimant's request did not reflect any manipulative limitations. (Tr. at 240, 258.) At the administrative hearing, Claimant testified that she experienced wrist and hand pain, which would come and go according to her activity, with some loss of grip and feeling in her hands. (Tr. at 14, 295.) Nevertheless, Claimant failed to identify any specific activities that she could not perform as a result of her CTS and resulting hand and wrist pain and loss of grip and feeling and the evidence of record fails to establish any significant limitations.

Accordingly, the Court finds that the ALJ's decision that Claimant's CTS did not rise to the level of a severe impairment is supported by substantial evidence. The Court further finds that there were no manipulative limitations to acknowledge in assessing Claimant's RFC, and therefore, that the ALJ's RFC assessment, which omitted any manipulative limitations, is supported by substantial evidence. Because the evidence of record did not establish any manipulative limitations, the ALJ therefore, was not required to include any such limitations in his hypothetical questions to the VE.

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion to Reverse or Remand (Document No. 11.) is **DENIED**, Defendant's Motion for Judgment on the Pleadings (Document No. 13.) is **GRANTED**, the final decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED** from the docket of this Court.

The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: September 30, 2009.

R. Clarke VanDervort
United States Magistrate Judge

11